IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy Reaves,<br>      Plaintiff,<br><br>  vs.<br><br>County of Marlboro, William Davidson,<br>Lavinia Roche,<br>      Defendants. | C/A No. 4:23-cv-5148-JD<br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 8.) Plaintiff Kathy Reaves ("Plaintiff" or "Reaves"), proceeding *pro se* and *in forma pauperis*, filed this matter against Defendants County of Marlboro ("Marlboro County"), William Davidson ("Davidson"), and Livinia Roche ("Roche") (collectively "Defendants") alleging they violated her Fourteenth Amendment right when she was allegedly arrested in South Carolina based on a Georgia warrant that never existed.[2] (DE 1, p. 7.)

Since Reaves filed this action under 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on October

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The Court notes this is the twenty-first civil action filed in the recent past by Plaintiff, to include 4:23-cv-3847-TLW-TER, 4:22-cv-639-TLW, and 4:23-cv-5130-TLW-TER.

1

25, 2023, the Magistrate Judge issued the Report (DE 8), giving his initial review of the pleadings. The Report recommended the District Court dismiss the Complaint in this case under § 1915(e) with prejudice and without issuance and service of process. The Court adopts the Report and Recommendation as provided here for the reasons stated below.

## BACKGROUND

The Report and Recommendation set forth the relevant facts and legal standards, which this Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background relating to the objections raised by Plaintiff.

Reaves sued Davidson, a private attorney, and Roche, a law firm employee who allegedly filed documents in state court. (DE 1, p. 2.) As for Marlboro County, Reaves alleges, among other things, that it was responsible for enforcing the county's rules and ensuring employees obey the law. (*Id.* p. 1.)

The Report also summarizes the following facts:

Plaintiff refers to No. 4:22-cv-639-TLW and makes allegations regarding legal filings in that case. (ECF No. 1).

Plaintiff asserts the state court orders are what is unconstitutional. (ECF No. 1 at 9).

Plaintiff asserts Defendant attorney filed a notice of removal of state court action No. 22-CP-34-00034, and it became 4:22-cv-639-TLW in federal court. (ECF No. 1). No motion to remand was filed in 4:22-cv-639-TLW, the case proceeded in this court. The ultimate resolution of No. 4:22-cv-639-TLW was in February 2023; the court dismissed the federal claims but declined to exercise supplemental jurisdiction of Plaintiff's remaining state law claims against Defendant SCDMV and those particular claims were remanded to the state court. Then, in state court, SCDMV filed a motion for summary judgment in March 2023 and a plethora of docket entries followed from all parties. Plaintiff attempted to file an Amended Complaint and served all the parties she now asserts were no longer defendants due to the federal court's ruling. Those parties then filed motions. In May 2023, Plaintiff told the court she did not wish to pursue her claims [anymore,] and the action was dismissed with prejudice in its entirety. A few weeks later, Plaintiff changed her mind and filed a motion to vacate in state court. A hearing was held in state court on Plaintiff's motion to reconsider the June order[,] and the state court held on October 9, 2023, that the order of dismissal should not be vacated. Based on

> Plaintiff's allegations, Plaintiff appears to be filing the instant action in federal court in reaction to the dismissal order in state court. (ECF No. 1).
>
> Plaintiff alleges Defendants[,] in the instant action participated in the issuance of state court orders when they should not have been allowed to participate because they were already dismissed from the lawsuit in federal court. (ECF No. 1).

(DE 8, pp. 3-4.) The Report recommends dismissal because Reaves's complaint is frivolous. The Report found that:

> the attorney and law firm employee defendants are not state actors and not amenable to suit in a § 1983 action for alleged constitutional violations. An attorney, whether retained, court appointed, or a public defender[,] does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); Georgia v. McCollum, 505 U.S. 42, 53 (1992) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (per curiam) (private attorney). Plaintiff has failed to state a cognizable claim upon which relief can be granted against Defendants Davidson and Roche.

(DE 8, pp. 4-5.) The Report also found that:

> 'Reaves only pleads the claims against Marlboro County surrounding the issuance of dismissal of all claims with prejudice that was signed by Marlboro County Judge Paul M. Burch on June 26, 2023[,] and the issuance of the proposed order before Marlboro County State Judge Michael Holt awaiting his signature dated October 6, 2023.' (ECF No. 1 at 4). Plaintiff argues that her claims against Marlboro County are due to its municipal and supervisory liability over court employees. (ECF No. 1 at 19-20). Plaintiff's allegations of the County's liability [are] based on allegations of liability as to judges and quasi-judicial employees. No supervisory liability can originate where there is no underlying liability. Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

(*Id*. p. 5.) Lastly, the Report found that Reaves's pleadings repeatedly referenced other cases, purportedly contesting 2023 events and orders in her state court case, which had concluded.[3] The Report concluded, among other things,

---

[3]    The Report also addressed Reaves's purported civil conspiracy claim and duplicative filings. The Report noted that "[t]here must be a showing that the defendants entered into some sort of an agreement to deprive the plaintiff of a constitutional right[,]" and determined that "Plaintiff's complaint has failed to allege a cognizable federal conspiracy claim under § 1983 upon which relief could be granted." (DE 8, p. 7.) The Report also noted that "Plaintiff has been repeatedly instructed through multiple summary

3

> To the extent Plaintiff's allegations involve claims already pursued in state court, and Plaintiff is attempting to challenge final judgments in prior state court proceedings, the Rooker-Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Such state court ruling cannot be reviewed or set aside[,] and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462.

(*Id*. p. 6.)

## **DISCUSSION**

Reaves filed an objection to the Report on November 11, 2014, stating "she does not have to prove anything to this Court or in the jurisdiction because the defendants have lied for over two years (November 2021- Present) about having a warrant in this jurisdiction to justify the arrest of Plaintiff on the issuance of an out of state warrant allegedly from Georgia by the arresting officer Charles Michael Dickens, the South Carolina Highway Patrol and the South Carolina Department of Public Safety." (DE 11, p. 1.) For the balance of the 17-page objection, Plaintiff generally rehashes her claims and purports to include a "Motion to Transfer Pursuant to 28 USC 1404(a) and 28 USC 1406(a) and 28 USC 1332."[4] (*Id.* at 8.)

At any rate, objections to a report and recommendation must be specific to be actionable. Failure to file specific objections constitutes a waiver of a party's right to further judicial review,

---

dismissals that duplicative claims are frivolous and violative of the rule against claim splitting." (DE 8, p. 8.) The Report sets forth the following applicable law:

> 'Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).' *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) (per curiam). As to much of Plaintiff's numerous actions concerning a Georgia warrant and South Carolina arrest, the Fourth Circuit states the rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.' *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015)(quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir.2008))(emphasis added).

(DE 8, p. 9.)

[4]     Given the disposition of the case and the ruling herein, the Court declines to consider the purported motion to transfer without further discussion.

4

including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal— *that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Here, Plaintiff's objection centers on whether there was a warrant for her arrest, among other challenges to her detention and lawsuits. However, these claims do not address the deficiencies identified in the Report. The Court has carefully reviewed the Report, Reaves's pleadings, her response to the Report, and other relevant filings. For the reasons stated by the Magistrate Judge, the Report is accepted, and to the extent her objections address the recommendations in the Report, the objections are overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 8) and incorporates it by reference.

Therefore, it is **ORDERED** that this action is summarily dismissed in its entirety with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                              Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 22, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.